### D. C. Brown vs. E. M. Ragland.

Mayo, J.  An act of the legislature is not necessary to provide a method of supplying records of suits lost by the burning of the courthouse; such acts are sometimes resorted to for the purpose of facilitating the restoration of records, and such legislation, though not absolutely essential, is both wise and proper, for by it uniform rules are established and all rights are easily preserved.  29 An. 277.

2. Where the record of a suit is burnt while on appeal to the Circuit Court, it would be impossible to restore the record by proceedings in the Appellate Court, which must try the case on the evidence taken in the District Court. Constitution, Art. 101.

3. In such a case, proceeding under the rules of natural reason, to exercise the jurisdiction conferred upon us, we will reverse the judgment appealed from and remand the case for a new trial, as the Supreme Court has frequently done where the note of evidence, or other material part of the record, has been lost without the fault of appellant. C. P. 130, 877, 878, 895; C. C. 21; 11 R. 477; 12 An. 83; 1 An. 40, 246; 5 An. 602; 13 An. 479; 23 An. 28; 16 An. 183. The case will be remanded when. from *any* reason, such a course is necessary to enable the Court to do justice between the parties. Hennen's Digest, vol. I, pp. 94, 92.

4. The case may be revived, where the record is burnt, in the District Court, by the party who desires a revival filing a petition, as in an ordinary suit, setting forth all the facts and citing the other party to assist in the reinstatement of the pleadings, etc.